UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDUL JAMEER SHAIK,

    Plaintiff,

v.

LAURA FINNEGAN et al.,

    Defendants.

Case No. 24-12427
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [28, 34, 48]**

Abdul Jameer Shaik, a resident of Minneapolis, Minnesota, is presently being prosecuted in Minnesota for allegedly attempting to solicit sexual acts from a Minnesota police officer posing as a sixteen-year-old. Shaik has filed this *pro se* civil rights case against the Minnesota police officers involved in his arrest, the Minnesota judge presiding over his criminal case, and the Minnesota prosecutor who brought the charges. He claims these police officers "kidnapped" him, searched his car without consent, took his property, and "held [him] for ransom"—all in Minneapolis. (ECF No. 4, PageID.372–373.)

As this case has no connection to the Eastern District of Michigan, all named Defendants have moved to dismiss. They argue, in part, that this Court lacks personal jurisdiction over them because the events occurred entirely in Minnesota and none of them reside in Michigan. They are correct. Thus, their motions to dismiss

are GRANTED. The Court will also *sua sponte* dismiss Shaik's claims against the non-resident John Doe Defendants because this Court is not the proper venue.

## I.

In deciding a motion to dismiss, the Court "construes the complaint in the light most favorable" to Shaik and determines whether his "complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *See Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A *pro se* litigant's complaint must be construed "liberally," *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), i.e., read "indulgently," *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009) (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972)). But the Court's leniency is "not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Basic pleading requirements "apply to self-represented and counseled plaintiffs alike." *Id*.

## II.

Though Shaik's complaint is not a model of clarity, the Court has done its best to decipher the key facts he alleges. In July 2023, Shaik says that Minnesota police sergeant Laura Finnegan and officer Ryan Anderson "kidnapped" him during a physiotherapy visit, took his property, and held him for "ransom" for several hours, all without a warrant or consent. (ECF No. 4, PageID.372–373.) He says that the warrant for his arrest "eventually signed by a judge was unlawful, [and] made under the color of law." (*Id.* at PageID.375.) Shaik further claims that during the arrest,

2

Finnegan, Ryan, and two other unnamed officers "physically abused and assaulted" him. (*Id.* at PageID.376.) These same unnamed officers, says Shaik, stole his phone when he later went to the Ramsey Courthouse to serve a summons. (*Id.* at PageID.375–378.)

In September 2023, Shaik was charged in Minnesota state court with attempting to solicit sex from a minor and providing a false name to a police officer.[1] (*See* ECF No. 48, PageID.882; ECF No. 34, PageID.707.) That case is still pending before Judge Kelly Olmstead. *Minnesota v. Shaik*, No. 62-CR-23-5445 (Ramsey Cnty., Minn. Dist. Ct. filed Sept. 15, 2023), https://perma.cc/ZX8D-LVBF. After Shaik failed to appear for trial, the court issued a warrant for his arrest, which remains active. *Id*; (ECF No. 48, PageID.882.)

Shaik now sues Finnegan, Anderson, the two unnamed officers, Judge Olmstead, and Prosecutor Kettwick alleging violations of his constitutional rights under 42 U.S.C. § 1983 and several Minnesota criminal statutes. (*See generally* ECF No. 4.) In large measure because Shaik alleged that he lives in Minnesota, that all Defendants live in Minnesota, and that all relevant events occurred in Minnesota (*id.* at PageID.368, 372), the named Defendants have filed motions to dismiss. The motions are fully briefed (*see* ECF No. 31, 41, 43, 45, 46, 52, 53) and do not require further argument, *see* E.D. Mich. LR 7.1(f).

---

[1] In ruling on a motion to dismiss, the Court may consider public records referenced in the pleadings and central to plaintiff's claims without converting the motion into one for summary judgment. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

## III.

## A. Personal Jurisdiction

The Court begins with Defendants' arguments about personal jurisdiction.

Personal jurisdiction is a foundational question that asks whether a Court has the power to adjudicate a case against a particular defendant. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ("[A defendant must] have certain minimum contacts with [a state] such that the maintenance of the suit [in that state] does not offend traditional notions of fair play and substantial justice." (internal quotation marks omitted)). The plaintiff may choose where to bring suit, but the Court must ensure this decision is fair to the defendant.

Plaintiff bears the burden of establishing that personal jurisdiction over the defendant exists. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). The Court recognizes, however, that because it did not conduct an evidentiary hearing here, the jurisdictional "burden is 'relatively slight'"—the plaintiff need only make a "prima facie showing that personal jurisdiction exists." *MAG IAS Holdings, Inc. v. Schmückle*, 854 F.3d 894, 899 (6th Cir. 2017) (quoting *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007)). A prima facie showing requires that the plaintiff establish "with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002).

Shaik has failed to meet even his slight burden as to any Defendant.

Personal jurisdiction comes in two forms: general and specific. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). But the Court cannot exercise either form of personal jurisdiction over the Defendants in this case.

First, general personal jurisdiction is proper when a defendant's "contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (*quoting Third Nat'l Bank in Nashville v. WEDGE Grp., Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)). Put another way, defendants are subject to general personal jurisdiction in a state where they can be fairly considered "at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (*citing Int'l Shoe Co.*, 326 U.S. at 316).

That clearly does not describe any of the Defendants here. They all call Minnesota home. And Shaik does not allege that any of the Defendants had any "continuous or systematic" contact with Michigan. So the Court cannot exercise general personal jurisdiction over any of them.

Shaik fares no better with specific jurisdiction. The Sixth Circuit applies a three-part test to determine when specific personal jurisdiction can be exercised in compliance with due process: (1) "the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state," (2) "the cause of action must arise from the defendant's activities there," and (3) "the acts of the defendant or consequences caused by the defendant must have a

substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 680 (6th Cir. 2012) (*quoting S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968); *see Intera Corp.*, 428 F.3d at 615 ("An exercise of specific jurisdiction is proper where the claims in the case arise from or are related to the defendant's contacts with the forum state."). "If any of the three requirements is not met, personal jurisdiction may not be invoked." *Miller*, 694 F.3d at 381 (*citing LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1303 (6th Cir. 1989)).

For reasons that have already been made clear, this case has nothing to do with Michigan. Officers Finnegan and Anderson arrested and allegedly assaulted Shaik in Minnesota. (ECF No. 28, PageID.669–670.) Judge Olmstead is a Minnesota state court judge who issued a warrant in a Minnesota state criminal proceeding. (ECF No. 34, PageID.713–714.) And Kettwick is an Assistant County Attorney who is prosecuting Shaik in Ramsey County, Minnesota. (ECF No. 4, PageID.370.) In short, none of the named Defendants, who all reside in Minnesota, purposefully availed themselves of Michigan's jurisdiction and none of Shaik's claims stem from any conduct in Michigan.[2]

Shaik's arguments to the contrary fail to persuade.

---

[2] Because the Court concludes that personal jurisdiction cannot be exercised under the Due Process Clause, it need not address whether jurisdiction is proper under Michigan's long-arm statute. *See Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (explaining that, when a federal court's subject matter jurisdiction is based on federal question jurisdiction, both the long-arm statute and due process clause of the Fourteenth Amendment must be satisfied for purposes of personal jurisdiction).

6

First, Shaik argues that there is personal jurisdiction because there is "ongoing harm" that affects him in Michigan. (*See* ECF No. 31, PageID.684; ECF No. 52, PageID.929.) But no such harm is pled. Moreover, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Blessing v. Chandrasekhar*, 988 F.3d 889, 902 (6th Cir. 2021) (quoting *Walden v. Fiore*, 571 U.S. 277, 290 (2014)). And here, Shaik does not plead any actions that connect Defendants to Michigan.

Next, Shaik argues that the Court has personal jurisdiction over the Defendants because he brings claims under federal statutes. (ECF No. 31, PageID.687; ECF No. 43, PageID.803.) But this confuses subject matter jurisdiction with personal jurisdiction. They are distinct concepts. Personal jurisdiction deals with a court's authority over the parties in a lawsuit, while subject matter jurisdiction concerns the court's authority to hear a specific type of case. *See United States v. Chambers*, 944 F.2d 1253, 1259 (6th Cir. 1991). Just because the court has the latter does not mean it has the former.

Finally, Shaik argues that the Court should not dismiss the case due to "equitable concerns." He says he would be "deprived of a forum to vindicate [his] constitutional rights due to hypertechnical procedural arguments." (ECF No. 31, PageID.686.) This argument fails for several reasons. First, personal jurisdiction is not a "hypertechnical procedural argument"—it is a legal prerequisite that ensures fairness by limiting a plaintiff's ability to sue defendants in a state where they have insufficient connections. *See, e.g.*, *Cooper-Std. Auto., Inc. v. SFC Sols. Czestochowa*

7

*Sp. Z.O.O.*, No. 22-12126, 2023 U.S. Dist. LEXIS 133598, at *8–9 (E.D. Mich. June 13, 2023) ("The Sixth Circuit views the purposeful availment requirement as essential to a finding of personal jurisdiction. This requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." (citations and internal quotation marks omitted)). Second, Shaik is not "deprived of a form to vindicate" his rights: He may pursue his claims in Minnesota, a much more appropriate forum where the alleged events occurred and where the Defendants (and Plaintiff) all reside. (*See generally* ECF No. 4.) And, in fact, Shaik has filed an identical lawsuit in the District of Minnesota. (ECF No. 34, PageID.712–713.)

Thus, because the Court lacks personal jurisdiction over the named Defendants, it grants their motions to dismiss.

### B. Venue

That leaves the John Doe officers, who have not appeared or moved to dismiss. Shaik's claims against the John Doe officers are subject to dismissal based on improper venue.

Because the Court granted Shaik's application to proceed *in forma pauperis* (*see* ECF No. 14, PageID.445), it has an obligation to screen the complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

Even though venue is an affirmative defense, courts have upheld *sua sponte* dismissals on IFP screening where the lack of venue is obvious from the complaint and the plaintiff has had an opportunity to be heard on the issue. *See, e.g., Hutton v. U.S. Dep't of Veteran Affs.*, No. 25-296, 2025 U.S. Dist. LEXIS 57364, at *4–5 (S.D. Ohio Mar. 27, 2025) (explaining that "[t]ypically, courts refrain from *sua sponte* dismissal for improper venue," but that such dismissal is appropriate on screening under § 1915 "when improper venue is 'obvious from the face of the complaint and no further factual record is required to be developed,'"); *Emrit*, 2024 U.S. App. LEXIS 435, at *1–2 (upholding *sua sponte* dismissal based on improper venue); *Day v. City of Galveston*, 480 F. App'x. 119, 121 (3d Cir. 2012) (finding that sua sponte dismissal for improper venue was harmless error when there was no conceivable basis for venue in the Eastern District of Pennsylvania and there was no indication that transferring instead of dismissing might be in the interests of justice); *Johnson v. Christopher*, 233 F. App'x 852, 853 (10th Cir. 2007) (Gorsuch, J.) (recognizing a district court's authority under § 1915(e) to *sua sponte* dismiss a case for improper venue if the defense is obvious from the complaint, no further factual development is needed, and it is clear that the plaintiff can allege no set of facts supporting venue); *Thomas v. Disanto*, 762 F. App'x 770, 772 n.1 (11th Cir. 2019) (per curiam) (explaining that a district court may *sua sponte* dismiss a suit for improper venue after giving the parties an opportunity to be heard, such as the opportunity to object to a magistrate judge's recommendation).

9

Venue is proper in (1) a judicial district in which any defendant resides if all defendants are residents of the state in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) in any judicial district in which any defendant is subject to the court's personal jurisdiction if there is otherwise no district in which an action may be brought. 28 U.S.C. § 1391(b). That, again, is Minnesota. None of the events at issue occurred in Michigan and none of the Defendants reside in Michigan, so venue is not proper here. Shaik also had an opportunity to address the issue of venue—the named officers raised the issue of improper venue in their motion to dismiss (see ECF No. 28, PageID.667–668) and Shaik responded to their arguments (*see* ECF No. 31, PageID.684). But all he did was highlight his own "connections" to Michigan; he did not say anything to indicate that any of the Defendants had ties to Michigan. (*Id.*)

"When a case is filed in the wrong venue, a district court shall dismiss the case or, if the interests of justice require, transfer the case to a district or division where it could have been brought." *Emrit v. Jules*, No. 23-1722, 2024 U.S. App. LEXIS 435, at *2 (6th Cir. Jan. 5, 2024) (citing 28 U.S.C. § 1406(a)). Here, the interests of justice do not require transfer, especially since Shaik has already filed an "exact copy" of this case in the District of Minnesota. (ECF No. 34, PageID.712–713.)

Accordingly, the Court dismisses Shaik's claims against the unnamed officers.

## IV.

For these reasons, the motions to dismiss filed by Sergeant Finnegan and Officer Anderson (ECF No. 28), Judge Olmstead (ECF No. 34), and Prosecutor

10

Kettwick (ECF No. 48) are GRANTED. And the Court *sua sponte* DISMISSES the remaining John Doe Defendants, and the case as a whole, for improper venue.

SO ORDERED.

Dated: April 23, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
