UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDUL JAMEER SHAIK,

    Plaintiff,

v.

LAURA FINNEGAN et al.,

    Defendants.

Case No. 24-12427
Honorable Laurie J. Michelson

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT [56]**

    Abdul Jameer Shaik, a resident of Minneapolis, Minnesota, is presently being prosecuted in Minnesota for allegedly attempting to solicit sexual acts from a Minnesota police officer posing as a sixteen-year-old. Shaik filed this *pro se* civil rights case against the Minnesota police officers involved in his arrest, the Minnesota judge presiding over his criminal case, and the Minnesota prosecutor who brought the charges. He claims these police officers "kidnapped" him, searched his car without consent, took his property, and "held [him] for ransom"—all in Minneapolis. (ECF No. 4, PageID.372–373.)

    The Court recently granted Defendants' motions to dismiss for lack of personal jurisdiction and *sua sponte* dismissed the unnamed officers for improper venue. (*See* ECF No. 54.) After the Court entered judgment, Shaik filed an "affidavit of fact." (ECF No. 56.) The document is anything but clear, But the Court will generously treat it as a request to vacate the judgment under Federal Rules of Civil Procedure 59(e) and 60(b). (ECF No. 56, PageID.1047, 1050.)

"Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice." *Gritton v. Disponett*, 332 F. App'x 232, 238 (6th Cir. 2009); *see also Moore v. Coffee County*, 402 F. App'x 107, 108 (6th Cir. 2010). Similarly, Rule 60(b)(1) provides that "the court may relieve a party or its legal representative from a final judgment . . . for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Sixth Circuit has explained that "Rule 60(b)(1) 'is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.'" *Vargo v. D & M Tours, Inc.*, 841 F. App'x 794, 799 (6th Cir. 2020) (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)). Shaik has not satisfied these demanding burdens.

Shaik argues that the Court erred in concluding that there was no personal jurisdiction over the Defendants because the effects of their conduct were felt by Shaik in Michigan. (ECF No. 56, PageID.1047–1048.) Shaik says that "[a]s a result of Defendants' actions, [he] fled to Michigan, sought shelter, retained help here, and continues to suffer ongoing psychological and physical trauma." (*Id.*) Shaik argues that this demonstrates Defendants "intentionally targeted and cause[d] injury" in Michigan. (*Id.* at PageID.1048.) Liberally construed, Shaik appears to be raising clear error or a substantive mistake of law.

2

But the Court already addressed this argument in its order dismissing the case. (*See* ECF No. 54, PageID.1032 ("First, Shaik argues that there is personal jurisdiction because there is 'ongoing harm' that affects him in Michigan. (*See* ECF No. 31, PageID.684; ECF No. 52, PageID.929.) But no such harm is pled. Moreover, '[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.' *Blessing v. Chandrasekhar*, 988 F.3d 889, 902 (6th Cir. 2021) (quoting *Walden v. Fiore*, 571 U.S. 277, 290 (2014)). And here, Shaik does not plead any actions that connect Defendants to Michigan.").) And a motion for relief from judgment is not a vehicle for rearguing claims already decided. *Craddock v. Cnty. Of Macomb*, No. 21-12827, 2024 U.S. Dist. LEXIS 93667, at *4 (E.D. Mich. May 24, 2024) ("[A] Rule 59(e) or Rule 60(b) motion must be denied if the movant is merely attempting to relitigate previously decided issues.").

Regardless, the Court did not err in dismissing Shaik's complaint. Shaik seeking occasional shelter in Michigan does not make him a resident. And, indeed, he has provided the Court with a mailing address of General Delivery, Minneapolis, Minnesota. But even assuming he experienced harm in Michigan, this does not create personal jurisdiction over the Defendants. The Defendants did not know Shaik would flee to Michigan (or to any other state) *after* the events giving rise to Shaik's claims. *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (explaining that the "unilateral activity of a plaintiff" cannot create jurisdiction over an out-of-state defendant). To the contrary: Shaik is being prosecuted in Minnesota, and they expected him to remain in

3

Minnesota and appear for trial there. *See Minnesota Court Records Online (MCRO)*, Minnesota Judicial Branch (Accessed May 5, 2025), https://perma.cc/2WJU-S2NP, (showing that there is an active warrant for Shaik's arrest, issued after he failed to appear at a hearing). So it cannot be said that Defendants purposefully directed any conduct towards Michigan such that this Court could exercise jurisdiction over them. *Id.* at 284–85 ("[O]ur "minimum contacts" analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there. . . . [T]he plaintiff cannot be the only link between the defendant and the forum."); *id.* at 290 ("[M]ere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." (citing *Calder v. Jones*, 465 U.S. 783 (1984)); *see also Burger King v. Rudzewicz*, 471 U.S. 462, 474 (1985) ("Although it has been argued that foreseeability of causing *injury* in another State should be sufficient to establish such contacts there when policy considerations so require, the Court has consistently held that this kind of foreseeability is not a 'sufficient benchmark' for exercising personal jurisdiction.").

Shaik also argues that by granting him IFP status and serving his complaint, the Court assumed jurisdiction over the Defendants and conceded that the complaint was not frivolous or malicious. (ECF No. 56, PageID.1051.) Not so. In ordering service, the Court noted its continuing obligation to screen the case under 28 U.S.C. § 1915(e)(2)(B). (ECF No. 14, PageID.446.) An IFP determination is made on the basis

4

of indigency, and is made without regard to the merits of the case. *See Wood v. Smith*, No. 24-165, 2024 U.S. Dist. LEXIS 90928, at *2 (S.D. Ohio May 21, 2024) (granting IFP on "indigence only, without regard to the merits of th[e] case"); *Harper v. United States Dep't of Justice*, No. , 2015 U.S. Dist. LEXIS 87399, at *6 (W.D. Tenn. July 6, 2015) ("[A]n *IFP* determination must be made before the Court addresses the merits of the case."). And 28 U.S.C. § 1915(e)(2) allows screening "at any time"—not merely before service. So Shaik's arguments are without merit.

Nothing else in Shaik's affidavit concerns the reasons for dismissal—i.e., improper venue and lack of personal jurisdiction—or provides grounds for relief under Rules 59(e) or 60(b). So there is no other basis for which to set aside the Court's judgment and no other motion Shaik can bring in this Court since the case is closed.

To the extent Shaik asks the court to alter or amend its judgment under Rule 59(e) or seeks relief from judgment under Rule 60(b), his request is DENIED.

SO ORDERED.

Dated: May 6, 2025

                                                     s/Laurie J. Michelson
                                                     LAURIE J. MICHELSON
                                                     UNITED STATES DISTRICT JUDGE